UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

CIVIL ACTION NO. 08-CV-189-JMH

DIETER VOGEL,                                                    PETITIONER,

VS:                          **MEMORANDUM OPINION AND ORDER**

STEPHEN DEWALT, *Warden,*                                        RESPONDENT.

The petitioner, Dieter Vogel, is confined in the Federal Medical Center located in Lexington, Kentucky ("FMC-Lexington"). On April 24, 2008, Vogel filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. §2241. Payment of the $5.00 filing fee was docketed on June 27, 2008 [Record No. 12].

This matter is now before the Court for screening. 28 U.S.C. §2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002). As the petitioner is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in a § 2241 petition are taken as true and are liberally construed in favor of the petitioner. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

Under 28 U.S.C. §1915(e)(2), a district court can dismiss a case at any time if it determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted. *See also Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

<u>RESPONDENT</u>

The petitioner names Stephen Dewalt, the Warden of FMC-Lexington, as the respondent in this action.

<u>CLAIMS</u>

Vogel asserts that his conviction violates the Due Process Clause of the Fifth Amendment of the United States of America. He seeks release from custody.

<u>ALLEGATIONS OF THE § PETITION</u>
1.   <u>Conviction and §2255 Motion</u>

Vogel provides limited information about his federal criminal conviction.   After resorting to the Public Access to Court Electronic Records ("PACER") website, this Court has located the relevant information pertaining to Petitioner Vogel's conviction. In May of 2003,Vogel was indicted for federal drug offenses in United States District Court for the Southern District of New York (Foley Square).   *See United States of America v. Dieter Vogel*, 1:03-CR-0514 (Hon. Victor Marrero, presiding) ("the Trial Court").[1]

On June 1, 2006, a jury convicted the petitioner on two counts of the Indictment.[2] The Trial Court imposed a 151-month sentence on July 24, 2007 [*Id.*, Docket Entry No. 252]. Vogel appealed shortly

---

[1]
A superceding Indictment was filed in the Trial Court on August 7, 2003 [*See United States of America v. Dieter Vogel*,1:03-CR-00514-5, Hon. Victor Marrero, presiding].

[2]
The Clerk of the Trial Court noted in the docket sheet that the jury verdict was not entered of record until over a year later, on August 14, 2007.

thereafter [*Id.*, Docket Entry No. 253].   On December 3, 2007, a "Mandate from
 the United States Court of Appeals" was entered in the Trial Court [Docket Entry No. 264].   The docket sheet notation for that entry states as follows:

> "Stipulation of Withdrawal of Appeal: Pursuant to a recent agreement between Defendant-Appellant Dieter Vogel and the U.S. Attorney for the S.D.N.Y., the undersigned hereby stipulate and agree that the above-referenced appeal be withdrawn."

[*Id.*].

## 2. Petitioner's Legal Arguments

Petitioner Vogel alleges in the instant § 2241 petition that the Trial Court lacked subject matter jurisdiction to adjudicate his criminal proceeding.   He also contends that because he is not a citizen of the United States, he was improperly prosecuted for drug offenses in the Trial Court.

## DISCUSSION

Petitioner Vogel is barred from using this Court's §2241 jurisdiction to challenge his criminal judgment rendered in the trial court, unless he can prove that his remedy by a §2255 motion to that court to vacate, alter, or amend the judgment is inadequate or ineffective to challenge the legality of his detention.   *See* 28 U.S.C. §2255, ¶5; *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

3

A demonstration of the inadequacy and ineffectiveness of a prisoner's remedy via a §2255 motion to the trial court is a high one under *Charles* and *Martin*.   Section 2241 is not a "catch all" remedy that may be invoked for simple convenience, *Charles*, 180 F.3d at  758 ; it is a narrow remedy available only to the rare habeas petitioner who can demonstrate that his Section 2255 remedy was truly "inadequate and ineffective." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

The Section 2255 remedy is not rendered an "inadequate and ineffective" remedy where the prisoner missed an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law. *Charles*, 180 F. 3d at 756; *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).  Nor may it be used simply because the prisoner presented his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles*, 180 F.3d 756-758.  The remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255.  *Id*. at 758.

The docket sheet from the Trial Court indicates that Petitioner Vogel has not challenged his conviction by way of a § 2255 motion in the Trial Court. Vogel must first avail himself of the provision of Section 2415 before he proceeds to this Court's §2241 jurisdiction. This action will be dismissed without prejudice to Vogel pursuing his remedy in the Trial Court under § 2255. The

4

time frame for filing a motion under § 2255 is established in the statute.[3]

CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1)  Petitioner Dieter Vogel's Petition for writ of habeas corpus [Record No. 2] is **DENIED.**

(2)  This action shall be **DISMISSED WITHOUT PREJUDICE,** *sua sponte,* from the docket of the Court.

(3)  Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named respondent.

---

[3] Title 28 U.S.C. § 2255 provides in relevant part:
   . . . .
   (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

   (1) the date on which the judgment of conviction becomes final;

   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (4) the date on which the facts supporting the claim or claims presented could
   have been discovered through the exercise of due diligence.

5

This the 16th day of July, 2008.



Signed By:

___*Joseph M. Hood*___

Senior U.S. District Judge